**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of: | No. CV-11-2061-PHX-GMS |
| AJ Town Centre, L.L.C.<br>AJ Town Square, L.L.C.<br>Central AJ Development, L.L.C. | BK   2:10-bk-17310-GBN<br>        2:10-bk-17314-CGC<br>        2:10-bk-17319-CGC |
| Debtors. | Adv. No. 2:10-bk-17310-GBN |
| Wells Fargo Bank, N.A., | **ORDER** |
| Plaintiff, | |
| vs. | |
| Herbert S. Madan, individually and as Trustee, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Withdraw the Reference to the Bankruptcy Court. (Doc. 1-1). For the reasons discussed below, the motion is denied.[1]

**BACKGROUND**

On March 16, 2006, Debtors AJ Town Centre, LLC and Central AJ Development,

---

[1] The parties' requests for oral argument are denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

1  LLC (collectively the "Debtors") entered into a Loan Agreement with Wells Fargo Bank,
2  N.A. under which Wells Fargo lent the Debtors $20,000,000. Repayment of the amounts due
3  to Wells Fargo in connection with the loan were unconditionally guaranteed by four parties:
4  1) Herbert S. Madan; 2) Herbert S. Madan, as Trustee of the Herbert S. Madan Revocable
5  Trust; 3) Ronald E. and Mara D. New as husband and wife; and 4) Ronald and Mara New
6  as Co-Trustees of the New Family Living Trust. These four parties will be referred to
7  collectively as the "Guarantors." Sometime prior to June 2010, the Debtors defaulted on their
8  obligations to Wells Fargo under the Loan Agreement. On June 2, 2010, the Debtors each
9  filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of
10 Arizona (the "Bankruptcy Court"). The Bankruptcy Court then entered an order
11 consolidating the Debtors' bankruptcy proceedings (the "Bankruptcy Proceedings").

12 On June 14, 2010, Wells Fargo filed a complaint in state court to recover the entire
13 amount of the indebtedness from the Guarantors. On July 14, 2010, the Guarantors removed
14 Wells Fargo's complaint to the U.S. District Court for the District of Arizona, which pursuant
15 to General Order 128 referred the complaint to the Bankruptcy Court. This referral created
16 a bankruptcy adversary proceeding between Wells Fargo and the Guarantors (the "Guarantor
17 Adversary Proceeding"). In their answer to Wells Fargo's complaint, the Guarantors brought
18 counterclaims against Wells Fargo, asserting various state law causes of action. On July 14,
19 2010, the Debtors filed a complaint against Wells Fargo in the Bankruptcy Court, thereby
20 creating a second adversary proceeding (the "Debtor Adversary Proceeding"). The Debtor's
21 complaint contains state law causes of action that are identical to the causes of action brought
22 against Wells Fargo in the Guarantor Adversary Proceeding. *See* 2:10-ap-01312-GBN, Doc.
23 36 at 13:19–23 (Bankr. D. Ariz.).

24 On August 11, 2010, the Guarantors moved to remand the Guarantor Adversary
25 Proceeding to state court. The Bankruptcy Court denied this motion. The Bankruptcy Court
26 stated that it had "related to" jurisdiction over the Guarantor Adversary Proceeding because
27 the Guarantors contractually guaranteed much of the debt involved in the Debtors bankruptcy
28 filing. *See* 2:10-ap-01312-GBN, Doc. 36 at 15:11–18. The bankruptcy court noted that

- 2 -

1   "there's cause to remand this guarantee action given the clear predominance of state law
2   issues." *Id.* at 17:3–5. The court ultimately determined, however, that the predominance of
3   state law issues was outweighed by "the potential for inconsistent results given the mirror
4   image identity of the counterclaims in the [Debtor Adversary Proceeding]"—which arose
5   under Title 11 and therefore was properly in the bankruptcy court—to the counterclaims in
6   the Guarantor Adversary Proceeding. *Id.* at 17:6–11.

7   On October 21, 2011, Wells Fargo filed the instant motion requesting that, in light of
8   the Supreme Court's June 2011 decision in *Stern v. Marshall*, 131 S. Ct. 2594, the Court
9   withdraw its reference of the Guarantor Adversary Proceeding to Bankruptcy Court. (Doc.
10  1, Ex. 1). The Bankruptcy Proceedings, Guarantor Adversary Proceeding, and Debtor
11  Adversary Proceeding, are still pending in Bankruptcy Court.

## DISCUSSION

13  In determining whether to withdraw the reference to the Bankruptcy Court, the Court
14  must first consider whether the Bankruptcy Court has jurisdiction to hear the proceeding, and
15  if so, whether the reference should be withdrawn "for cause shown."

16  A bankruptcy court has jurisdiction to "hear and determine all cases under title 11 and
17  all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. §
18  157(b)(1) (2006). A bankruptcy court may also hear "a proceeding that is not a core
19  proceeding but that is otherwise *related to* a case under title 11." *Id.* § 157(c)(1) (emphasis
20  added). Where a bankruptcy court hears a case under its "related to" jurisdiction, the
21  bankruptcy judge cannot issue a final decision on the case:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). "[A] civil proceeding is 'related to' the bankruptcy if its outcome

1 could conceivably have any effect on the bankruptcy estate." *In re ACI-HDT Supply Co.* 205 B.R. 231, 237 (B.A.P. 9th Cir. 1997).

The Bankruptcy Court has concluded that it has "related to" jurisdiction over the Guarantor Adversary Proceeding. *See* 2:10-ap-01312-GBN, Doc. 36 at 15:11–18. This jurisdictional holding is not disputed by Wells Fargo. (Doc. 10 at 2 n.1, 3 n.2). Wells Fargo contends, however, that the circumstances surrounding the proceedings warrant withdrawal "for cause shown." 28 U.S.C. § 157(d).

Even where a bankruptcy court has jurisdiction, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section . . . for cause shown." 28 U.S.C. § 157(d). In determining whether cause exists, the Ninth Circuit considers "'the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.'" *In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002) (quoting *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir.1997)).

Wells Fargo contends that the bankruptcy court's involvement in the Guarantor Adversary Proceeding is "a waste of judicial resources" because the bankruptcy court "has no constitutional authority to enter a final order and may not have constitutional authority to hear and determine any issue in the proceeding." (Doc. 1-1 at 11). Wells Fargo bases its lack of constitutional authority argument on the recent Supreme Court case *Stern v. Marshall*, 131 S. Ct. 2594 (2011). (Doc. 1-1 at 6–7). Wells Fargo's reliance on *Stern* is misplaced. In *Stern*, the Court held that bankruptcy courts "lack[ ] authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." 131 S. Ct. at 2620. The Supreme Court emphasized that this holding was "narrow," stating that the Respondent "has not argued that the bankruptcy courts 'are barred from "hearing" all counterclaims' or proposing findings of fact and conclusions of law on those matters, but rather that it must be the district court that 'finally decide[s]' them." *Id.* As discussed, the Bankruptcy Court is hearing the instant case under its "related to" jurisdiction. The Bankruptcy Court is therefore statutorily restricted from issuing a final judgment in this case,

- 4 -

1 and was so restricted even prior to the Supreme Court's holding in *Stern*. *See* 28 U.S.C. § 157(c)(1). *Stern* does not affect bankruptcy courts' ability to hear cases and issue proposed findings of fact and conclusions of law. *See* 131 S. Ct. at 2620.

Although this Court may be required to review findings of fact and conclusions of law by the Bankruptcy Court and issue a final order, this possibility does not, without more, persuade the Court to withdraw the reference. Both the Ninth Circuit and this District have recognized that, in non-core proceedings, "'the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master.'" *In re Don's Making Money, LLLP*, 2007 WL 1302748, at *5 (D. Ariz. May 1, 2007) (citing *In re Castlerock Props.*, 781 F.2d 159, 161 (9th Cir. 1986). The Bankruptcy Court possesses legal expertise that may help it determine whether certain claims are preempted by the bankruptcy code. Moreover, the Bankruptcy Court may prove more efficient given its factual expertise over allegations common to this action and the related Bankruptcy Proceedings and Debtor Adversary Proceeding. *In re Global Grounds Greenery, LLC*, 2008 WL 2508782, at *1–2 (D. Ariz. June 19, 2008) (holding that withdrawal of the reference is inappropriate where "the bankruptcy court is already familiar with the parties and many of the factual underpinnings of plaintiff's claims" and where "it appears that contentions similar to those in plaintiff's complaint have already been presented to the bankruptcy court in plan confirmation hearings"); *Don's Making Money*, 2007 WL 1302748, at *7 (holding that immediate withdrawal of the reference is unnecessary where the bankruptcy court is familiar with the relevant facts and issues and where the case is not ripe for trial). Referral to the Bankruptcy Court allows the Court and the parties to take advantage of the Bankruptcy Court's expertise, with this Court retaining the ability to issue a final judgment if required.[2]

---

[2] The Guarantors contend that the Guarantor Adversary Proceeding is a core bankruptcy proceeding, or alternatively, that Wells Fargo has consented to the Bankruptcy Court's entry of final judgment. (Doc. 7 at 10–13). If either of these contentions is correct, the Bankruptcy Court may be able to enter an enforceable, final decision in this matter. *See* 28 U.S.C. § 157(b)(1) (authorizing a bankruptcy court to "hear *and determine* . . . all core proceedings arising under title 11") (emphasis added); § 157(c)(2) (authorizing a district

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Withdraw the Reference to the Bankruptcy Court (Doc. 1-1) is **DENIED**.

DATED this 2nd day of April, 2012.

*H. Murray Snow*
G. Murray Snow
United States District Judge

---

court, "with the consent of all the parties to the proceeding," to refer a "related to" matter to the bankruptcy court for final judgment). These issues are not, however, material to this Court's instant decision, and therefore need not yet be decided.